## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **HIGH PLAINS PUBLISHERS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 12-1302-KHV** |
| **LANDO PARTNERS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

High Plains Publishers, Inc. brought suit against Lando Partners, Inc. for breach of a pledge agreement that was intended to secure capital infusions into a joint venture. The pledge agreement contained a mandatory forum selection clause stating that the District Court of Sedgwick County, Kansas has exclusive jurisdiction over all legal proceedings filed in connection with the pledge agreement. Plaintiff filed suit in the District Court of Sedgwick County, Kansas, alleging breach of contract (Count I) and declaratory judgment (Count II). Defendant removed the action to this Court. This matter is before the Court on Defendant's Motion To Dismiss For Failure To State A Claim Or Alternatively For Failure To Join A Necessary And Indispensable Party (Doc. #4) filed August 23, 2012, and plaintiff's Motion To Remand (Doc. #7) filed September 13, 2012. For the reasons stated below, based on the mandatory forum selection clause in the parties' pledge agreement, the Court sustains plaintiff's motion to remand and overrules as moot defendant's motion to dismiss.

## Legal Standards

A defendant may remove any civil action brought in a state court if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). The parties do not dispute that the Court

has diversity jurisdiction under 28 U.S.C. § 1332. Nevertheless, through a forum selection clause the parties may contractually limit the venue for a lawsuit. See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921 (10th Cir. 2005); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir. 1992).

Where, as here, a forum selection clause is accompanied by a provision in the contract stating that Kansas law applies, the Tenth Circuit has applied Kansas law to interpret the clause. Jones v. KP&H LLC, 288 Fed. Appx. 464, 468 (10th Cir. 2008). Forum selection clauses are prima facie valid; the Court should enforce them unless the resisting party shows that the clause is unreasonable under the circumstances. Milk 'N' More, 963 F.2d at 1344 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). Any waiver of the statutory right to remove a case from a state to a federal court, however, must be clear and unequivocal. Milk 'N' More, 963 F.2d at 1344; see also 28 U.S.C. § 1441 (a).

In assessing whether a forum selection clause is clear and unequivocal, the Tenth Circuit has categorized forum selection clauses as either mandatory or permissive. Am. Soda, 428 F.3d at 927 (unequivocal waiver of right to remove where forum selection clause mandatory) (citing Milk 'N' More, 963 F.2d at 1346). Mandatory forum selection clauses "contain clear language showing that jurisdiction is appropriate only in the designated forum," whereas permissive forum selection clauses "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." Am. Soda, 428 F.3d at 926-27 (citing Excell, Inc. v. Sterling Boiler & Mech., 106 F.3d 318, 321 (10th Cir. 1997)).

**Factual And Procedural Background**

Highly summarized, the relevant facts of this case are as follows:

This lawsuit arises from a joint venture between High Plains and Lando.  The joint venture took the form of a limited liability company, AgHaven, LLC, which the parties jointly own. Attorney Michael Biggs served as counsel for both High Plains and AgHaven.  To facilitate future cash infusions to AgHaven by High Plains, Biggs prepared a promissory note under which such infusions would be treated as loans rather than equity contributions.  To secure these loans, Biggs prepared a pledge agreement under which Lando would serve as AgHaven's pledgor.  According to High Plains, Lando is liable under the pledge agreement because AgHaven did not repay the loans.

The promissory note contains the following forum selection clause:

> This Promissory Note shall be governed by and construed in accordance with the laws of the State of Kansas.  All actions with respect to this Promissory Note may be instituted in the courts of the State of Kansas in Sedgwick County, Kansas, or in the United States District Court located in Sedgwick County, Kansas.

Doc. #6 at 2.

The pledge agreement contains the following forum selection clause:

> <u>Kansas Law Applicable</u>. This Pledge Agreement shall be construed in accordance with the laws of the State of Kansas, without regard to the principles of conflict of laws, and applicable federal law.  Pledgor expressly agrees that the jurisdiction and venue of all legal proceedings filed in connection herewith shall lie exclusively in the state of Kansas District Court of Sedgwick County, Kansas.

Doc. #6 at 28.

On July 30, 2012, plaintiff filed suit in the District Court of Sedgwick County, Kansas.  On August 22, 2012, defendant removed the action to this Court.

## Analysis

Plaintiff argues that the forum selection clause in the pledge agreement limits the venue for this lawsuit to the District Court of Sedgwick County, Kansas.  The parties do not dispute that the

Court has diversity jurisdiction. They dispute, however, (1) whether the forum selection clause is properly before the Court, (2) whether the Court should enforce the forum selection clause and (3) whether plaintiff's claims arise out of the pledge agreement for purposes of determining whether the pledge agreement forum selection clause should apply.

**I.      Whether Forum Selection Clause Is Properly Before The Court**

Defendant concedes that the pledge agreement contains the forum selection clause at issue, but argues that the pledge agreement attached to plaintiff's petition does not contain the forum selection clause recited above.  See Defendant's Response To Plaintiff's Motion To Remand (Doc. #10) filed September 27, 2012 at 2-3, 4 n.1.  Defendant contends that the clause is therefore not properly before the Court.  As plaintiff establishes in response, however, the entire pledge agreement – including the forum selection clause – was attached to its petition and appears in the state court records filed in this Court.  See Doc. #6 at 19-29 (pledge agreement attached as Exhibit B, at p. 26; forum selection clause appears at p. 28).  Defendant's argument that the forum selection clause is not properly before the Court is therefore without merit.

**II.     Whether Court Should Enforce Pledge Agreement Forum Selection Clause**

Defendant argues that the Court should not enforce the forum selection clause in the pledge agreement because it was the result of undue influence and excessive bargaining power through attorney Michael Biggs.  It argues that plaintiff had excessive bargaining power over defendant because Biggs represented both plaintiff and AgHaven and because he drafted both the promissory note and pledge agreement.  Defendant points out that the promissory note between plaintiff and AgHaven contains a forum selection clause that allows suits related to the promissory note in the District Court of Sedgwick County, Kansas or the U.S. District Court located in Sedgwick County,

Kansas.  See Doc. #6 at 24.  Yet the forum selection clause in the pledge agreement permits suit only in the District Court of Sedgwick County, Kansas.  See id. at 28.

Forum selection clauses are prima facie valid and should be enforced unless the resisting party shows that enforcement is unreasonable under the circumstances.  Milk 'N' More, 963 F.2d at 1346.  In determining whether a forum selection clause is unreasonable, the Tenth Circuit has looked to whether there is evidence of fraud, overreaching or unequal bargaining power, including whether enforcement of the clause would be unreasonable or unjust under the circumstances.  Excell, 106 F.3d at 321; Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 957 (10th Cir. 1992).  The party challenging enforcement of the forum selection clause "carries a heavy burden of showing that the provision itself is invalid."  Riley, 969 F.2d at 957 (citing M/S Bremen, 407 U.S. at 15).

Defendant asks the Court to infer that plaintiff exercised undue influence over defendant from the fact that Biggs represented both plaintiff and AgHaven, that he drafted both the promissory note and the pledge agreement and that the forum selection clause in the promissory note is broader than the clause in the pledge agreement.  This is not enough, however, to suggest that the clause is unreasonable or the product of undue influence or overreaching, much less sufficient to carry defendant's heavy burden of showing that the forum selection clause is invalid.  The parties were equal partners in the AgHaven joint venture.  Although Biggs prepared the pledge agreement, defendant's Director, Patrick McGinty, signed it.  The record does not suggest that Biggs ever represented defendant or that Biggs somehow invaded defendant's autonomy with respect to acceding to the terms of the pledge agreement.

### III.     Whether Plaintiff's Claims Arise Out Of Pledge Agreement

Defendant argues that this action arises out of the AgHaven joint venture, i.e. both the promissory note and the pledge agreement, not just the pledge agreement.  Therefore, it argues, defendant should be allowed to defend this action in federal court.

For the forum selection clause in the pledge agreement to govern plaintiff's claims, the claims must arise out of the pledge agreement.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991); Mozingo v. Trend Personnel Servs., No. 10-4149-JTM, 2011 WL 3794263, at *5-6 (D. Kan. Aug. 25, 2011).  Defendant argues that because this action does not arise solely from the pledge agreement, and because the pledge agreement is intertwined with the promissory note, defendant "should be able to choose to defend this action in the District of Kansas."  Defendant's Response To Plaintiff's Motion To Remand (Doc. #10) at 6-7.  As an initial matter, defendant is not a party to the promissory note and therefore has no right to assert the forum selection clause in that agreement.  See Doc. #6 at 23-24.  In any event, the Court finds no basis for giving defendant its druthers – even the cases that defendant cites do not support this conclusion.  See, e.g., AGA Shareholders, LLC v. CSK Auto, Inc., 467 F. Supp.2d 834, 848 (N.D. Ill. 2006) (although plaintiff alleged breach of 2003 Agreement, claims arose out of separate Master Vendor Agreement ("MVA"), therefore MVA forum selection clause applied).

Moreover, as plaintiff argues, the pledge agreement is a form of guaranty, and Kansas courts recognize that a guaranty is a separate contract from the underlying promissory note.  See Bomud Co. v. Yockey Oil Co., 180 Kan. 109, 115, 299 P.2d 72, 77 (1956).  Although a guaranty contract may be construed together with the principal obligation and related documents, the guarantor's liability is based on a strict construction of the terms of the guaranty and cannot extend beyond the

precise terms of the obligation.  <u>Eginoire v. Mkt. Foods Ltd.</u>, No. 05-2018-CM, 2006 WL 2692852, at *3 (D. Kan. Sept. 19, 2006) (citing <u>Iola State Bank v. Biggs</u>, 233 Kan. 450, 456, 662 P.2d 563, 570 (1983); <u>Ryco Packaging Corp. of Kan. v. Chapelle Int'l. Ltd.</u>, 23 Kan. App.2d 30, 36-37, 926 P.2d 669, 674-75 (1996)).  Plaintiff alleges that defendant breached the pledge agreement.  <u>See</u> <u>Petition</u> (Doc. #6) at 19-22.   Its claims therefore arise out of the pledge agreement.  This is not to say that the promissory note is irrelevant to plaintiff's claims, it simply means that in adjudicating plaintiff's claims, the terms of the pledge agreement govern – including the forum selection clause.

**IV.    Forum Selection Clause Is Mandatory**

Although defendant derides plaintiff's characterization of the pledge agreement forum selection clause as "mandatory," it provides no basis for finding otherwise.  <u>See, e.g.</u>, <u>Defendant's Response To Plaintiff's Motion To Remand</u> (Doc. #10) at 3.  Indeed, the Tenth Circuit has found that similar forum selection clauses are mandatory.  <u>See, e.g.</u>, <u>Am Soda</u>, 428 F.3d at 923-24, 927.  For this reason and substantially the reasons stated in plaintiff's <u>Memorandum In Support Of Motion To Remand</u> (Doc. #8) filed September 13, 2012 at 2-7, the Court finds that the forum selection clause in the pledge agreement is mandatory and therefore that defendant clearly and unequivocally waived its right to remove this lawsuit to federal court. <u>See</u> <u>Am. Soda</u>, 428 F.3d at 927 (citing <u>Milk 'N' More</u>, 963 F.2d at 1346).

**V.    Costs And Fees**

Plaintiff asks the Court to require defendant to pay the costs and expenses, including attorney fees, that plaintiff incurred as a result of the removal.   Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Absent unusual circumstances, courts may award costs

and attorney fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal; conversely, when an objectively reasonable basis exists, courts should deny requests for costs and fees. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005); Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir. 2010). Such an award is committed to the Court's broad discretion; it need not find that defendant removed the state court action in bad faith as a prerequisite to awarding attorney fees and costs under 28 U.S.C. § 1447(c). Excell, 106 F.3d at 322. The propriety of removal is the central issue in deciding whether to allow expenses and costs. Id.

Defendant has not articulated a reasonable basis for removing this action to federal court. It advances three arguments – (1) the forum selection clause is not properly before the Court, (2) the Court should not enforce the forum selection clause because of undue influence and overreaching and (3) the forum selection clause in the pledge agreement should not apply. As discussed above, these arguments are without merit – they do not create an objectively reasonable basis for removal. In its discretion, because defendant lacked an objectively reasonable basis for seeking removal, the Court awards plaintiff the costs and expenses, including attorney fees, associated with the improper removal. See 28 U.S.C. § 1447(c); Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Remand (Doc. #7) filed September 13, 2012 be and hereby is **SUSTAINED**. This case is hereby remanded to the District Court of Sedgwick County, Kansas. Defendant is ordered to pay to plaintiff the costs and expenses, including attorney fees, incurred as a result of the removal. In that regard, the parties shall follow the procedures set forth in D. Kan. Rule 54.2. On or before January 4, 2013, plaintiff shall file the requisite stipulation and request for order, or statement of consultation and memorandum in support

of its request for fees.

      **IT IS FURTHER ORDERED** that <u>Defendant's Motion To Dismiss For Failure To State</u>

<u>A Claim Or Alternatively For Failure To Join A Necessary And Indispensable Party</u> (Doc. #4) filed

August 23, 2012 be and hereby is **OVERRULED as moot**.

      Dated this 30th day of November, 2012 at Kansas City, Kansas.

                       <u>s/  Kathryn H. Vratil</u>
                       KATHRYN H. VRATIL
                       United States District Judge